UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIA AASIM, | Civil No.08CV1506-W(JMA) |
| Petitioner, | **REPORT AND RECOMMENDATION DENYING PETITION OF WRIT OF HABEAS CORPUS** |
| v. | |
| M.A. SMELOSKY, WARDEN, | |
| Respondent. | |

Petitioner Nia Aasim (hereafter "Petitioner") has filed a Petition for Writ of Habeas Corpus (hereafter the "Petition) pursuant to 28 U.S.C. §2254. (Doc. No. 1.) Respondent M.A. Smelosky (hereafter "Respondent") has filed an Answer to the Petition. (Doc. No. 7.) Petitioner thereafter filed a Traverse. (Doc. No. 8.) The Court, having reviewed the Petition, Answer, Traverse, and all lodgments submitted by the parties, and GOOD CAUSE APPEARING, hereby recommends that the Petition be DENIED.

*FACTUAL & PROCEDURAL BACKGROUND*

Petitioner is in custody at Centinela State Prison. On November 6, 2006, Petitioner was assigned to work the kitchen detail in Dining Hall 3A. (Resp't Ex. 2, 1.) Petitioner told Correctional Officer Jimenez "I quit, give me my I.D. so I can go home." (Id.) Officer Jimenez informed Petitioner that his refusal to work would result in him being marked absent for the day and receiving a Rules Violation Report and recommendation that he be unassigned from

1  kitchen duties. (Id.)  The violation was classified by Lieutenant Norton as serious.  (Id.)  On
2  November, 9, 2006, Petitioner received his copy of the Rules Violation Report.  (Id.)  Petitioner
3  requested five witnesses attend the rules violation hearing: inmates Davis, Johnson, Peacock,
4  Shaw and Wiley.  (Id. at 4)  His request was granted for each.  (Id.)

5        The rules violation hearing was held on November 21, 2006.  (Id. at 1.)  Lieutenant
6  Kavanaugh was the Senior Hearing Officer and advised Petitioner of the charge.  (Id.)
7  Petitioner pled not guilty.  (Id.)  Petitioner called and questioned the five inmate witnesses with
8  the same question, "Did you see or hear me in any manner tell Officer Jimenez that I did not
9  want to work?"  (Id. at 2-3.)  Each responded "No."  (Id.)  Officer Jimenez testified that
10 Petitioner and his witnesses refused to work.  (Id. at 3.)  Lieutenant Kavanaugh found the
11 testimony of the five witnesses questioned by Petitioner to be unreliable because they were
12 charged with the same rules violation and, based on his experience, inmates in an institutional
13 setting owe an allegiance to support other inmates.  (Id.)  Petitioner was assessed a thirty day
14 credit forfeiture and a ninety day privileges suspension.  (Id. at 1)

15       Petitioner appealed the guilty finding through the prison's grievance system.  On
16 February 28, 2001, his appeal was denied at the highest level of grievance review. (Resp't Ex.
17 3.)  He then filed petitions for writs of habeas corpus in the California courts.  (Resp't Ex. 4, 6 &
18 8.)  These Petitions were denied at every level of judicial review. (Resp't Ex. 5, 7 & 9.)
19 Thereafter, Petitioner filed his federal Petition for Writ of Habeas Corpus.  (Doc. No. 1.)

20 <center>*LEGAL AUTHORITIES*</center>

21       A writ of habeas corpus is an appropriate remedy when a prisoner challenges the fact or
22 duration of confinement, and seeks release from that confinement.  See Wolff v. McDonnell,
23 418 U.S. 539, 554 (1974); Preiser v. Rodriguez, 411 U.S. 475, 498, 500 (1973).  "When a
24 prisoner is put under additional and unconstitutional restraints during his lawful custody, it is
25 arguable that habeas" relief is available.  Preiser, 411 U.S. at 499.

26       Prison disciplinary proceedings may violate a petitioner's procedural due process rights
27 if the petitioner has a protected liberty interest in not being arbitrarily disciplined.  See Walker
28 v. Sumner, 14 F.3d 1415, 1419 (9th Cir. 1994).  A protected liberty interest may arise under

either the due process clause itself or federal statute.  Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Hewitt v. Helms, 459 U.S. 460, 466 (1983).

The Court reviews prison disciplinary proceedings to determine if they comported with the minimum requirements of due process and if some evidence supported the decision of the prison disciplinary committee.  See Superintendent v. Hill, 472 U.S. 445, 454-55 (1985)(emphasis added); Wolff, 418 U.S. at 558-60.  In the context of prison discipline, due process requires that the prisoner receive: 1) written notice of the charges against the prisoner; 2) a brief period of time to prepare for a hearing; 3) a written statement by the fact finder regarding the facts relied upon and the reasons for the disciplinary action; 4) an opportunity to call witnesses and present documentary evidence; and 5) an opportunity to seek the aid of a fellow inmate or prison staff for complex matters.  Wolff, Id. at 563-70; Walker, 14 F.3d at 1420.  Courts accord prison officials "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  Bell v. Wolfish, 441 U.S. 520, 547 (1979).  This deference requires that this Court not freely substitute its judgment for that of the prison officials.  Benson v. County of Orange, 788 F. Supp. 1123, 1125 (C.D. Cal. 1992).

## *DISCUSSION*

Petitioner argues he was deprived of his due process rights at the disciplinary hearing because he was denied the right to call certain witnesses and question Officer Jimenez.  (Pet. 5.)  He also contends the decision was based on an incomplete record, was not made by a fair and impartial decision maker and is not supported by a preponderance of evidence.  (Id. at 6-7.)

Petitioner's bare allegations in this regard fail to support a claim of a due process violation.  Petitioner alleges his request to call Correctional Supervisor Cook Earnshaw, Correctional Officer Campbell, inmate Reed and inmate Carrie as witnesses was denied.  He also claims Officer Campbell made a statement that was not included in the record.  These allegations, however, fail to provide any information regarding the expected substance of these witnesses' testimony or statements.  Petitioner does not contend that if they had testified on

his behalf their statements would have exonerated him or otherwise helped his case. Furthermore, the record does not support his contention he was denied the opportunity to call or question any witnesses. To the contrary, the record reflects he requested five witnesses, inmates Davis, Johnson, Peacock, Shaw, and Wiley, all of whom testified on his behalf. (Resp't Ex. 2, 2-3.) Similarly, there is no evidence to corroborate his allegation he was denied the opportunity to question Officer Jimenez, who testified at the hearing. Thus, on the record before the Court, there is no indication Petitioner's due process rights were violated for lack of witness testimony.

Petitioner further alleges his due process rights were violated because the Senior Hearing Officer was not impartial. (Pet. at 6.) Petitioner claims Lieutenant Kavanaugh had independent knowledge of the incident because he reported to Dining Hall 3A on the day in question. (Id.) He also presided over the disciplinary hearings of the other five inmates who were accused of the same violation. (Id.) Petitioner further contends the evidence is insufficient to support a guilty finding. (Id. at 7.) In matters involving prison disciplinary hearings, a court may only review the record to determine if there was "some evidence" to support the finding. Hill, 472 U.S. at 454-5. Determining whether the "some evidence" standard has been satisfied "does not require ... an independent assessment of credibility of witnesses, or weighing the evidence." Id. at 455-6. Rather, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the (tribunal). Id. at 455-6.

Here, there is no indication that Lieutenant Kavanaugh did not fulfill his obligation to serve as an independent and impartial arbiter. The circumstances of him possibly having been at the scene of the incident or presiding over other inmates' hearings do not automatically render him unfit to preside over Petitioner's hearing. Furthermore, there is no indication that in making his determination he relied on any information other than that contained in the record. Lieutenant Kavanaugh specifically cited his finding was based on:

> 1) The Reporting Employee's written report which states, "On 11-06-06, at approximately 1545 hours inmate Nia (t-80306/3A02-239L) who is assigned to Facility III-A Dining Hall, position number DRSA.506, approached me and stated, 'I quit, give me my I.D. so I can go home.' I

        advised Nia his refusal to work would result in a CDC-115 and that he would be unassigned. Inmate Nia stated, 'I'm out of here.' I notified Facility III-A Sergeant A. Trujillo. Inmate Nia was escorted back to his housing unit by Officer's L. Patterson and N. Scaife. Inmate Nia was informed he would be receiving an "A" day for this day and would also be issued a CDC-115 for refusing to work. It is also recommended that inmate Nia be unassigned from his present position and not be reassigned I the Facility III-A Dining Hall."

2)     The testimony of the Reporting Employee at the hearing that the accused had refused to work.

3)     Each of the five inmates requested as witnesses by the accused testified that the accused had not refused to work. This testimony is considered unreliable as prisoner allegiance is expected in an institutional setting and any testimony to the contrary may label the witness as an informant. (Resp't Ex. 2, 3.)

Here, it is clear that the procedures required by Wolff were provided to Petitioner. He was provided with written notice of the charge, a sufficient period of time to prepare for a hearing, a written statement by the fact finder regarding the facts relied upon and the reasons for the disciplinary action, and an opportunity to call witnesses and present documentary evidence. The record presented to the Court amply supports Petitioner's guilt on the charge of refusing to work. The Rules Violation Report and the testimony of Officer Jimenez support the conclusion Petitioner was guilty of the conduct of which he was accused. Consequently, the decision comports with the precepts of Hill, and the Court cannot find a due process violation.

## *CONCLUSION AND RECOMMENDATION*

After a review of the record in this matter, the undersigned Magistrate Judge recommends that the Petition for Writ of Habeas Corpus be **DENIED** with prejudice.

This report and recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provision of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than October 26, 2009, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than November 2, 2009. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 5, 2009

Jan M. Adler
U.S. Magistrate Judge