1

2

3

4

5

6

7

8

9          UNITED STATES DISTRICT COURT

10         SOUTHERN DISTRICT OF CALIFORNIA

11

12   AASIM NIA,                          CASE NO. 08-CV-1506 W (JMA)

13                      Petitioner,      **ORDER:**

14        vs.                            **1) ADOPTS THE REPORT AND RECOMMENDATION (Doc. 10.)**

15

16   M. SMELOSKY, Warden,                **2) DENIES PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1.)**

17                      Respondent.

18

19

20        On July 21, 2008, Petitioner Aasim Nia ("Petitioner"), a state prisoner proceeding

21   *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C.

22   § 2254. (Doc. 1.)  On July 29, 2008, the case was transferred from the Eastern District

23   of California to this Court. (Id.)  On October 5, 2009, Magistrate Judge Jan Adler filed

24   a Report and Recommendation ("Report"), recommending that the Court deny the

25   Petition. (Doc. 10.)  On February 22, 2010, Petitioner filed his objections to the Report.

26   (Doc. 16.)  The Court decides the matter on the papers submitted and without oral

27   argument.  See Civil Local Rule 7.1(d.1).  For the reasons outlined below, the Court

28   **ADOPTS** the Report and **DENIES** the Petition.

1    I.      BACKGROUND

2         Petitioner is a prisoner at Centinela State Prison.  While working kitchen detail

3    in Dining Hall 3A on November 6, 2006, Petitioner told Correctional Officer Jimenez,

4    "I quit, give me my I.D. so I can go home."  Officer Jimenez informed Petitioner that he

5    would be marked absent for the day and that he would receive a Rules Violation Report.

6    Petitioner received a copy of the Violation Report, which classified the violation as

7    "serious," on November 9, 2006.  A hearing was held on November 21, 2006, with

8    Lieutenant Kavanaugh serving as the Senior Hearing Official ("SHO").  Petitioner pled

9    not guilty.  The SHO found Petitioner guilty of the violation and he was assessed a

10   thirty day credit forfeiture along with a ninety day privileges suspension.

11        Petitioner challenged the disciplinary action through the prison grievance system

12   and his appeal was denied at the highest level of review on February 28, 2001. (*Lodgment*

13   3.)  He then filed petitions for writs of habeas corpus in the California courts, which

14   were denied at every level. (*Lodgment* 5, 7, & 9.)

15        On July 31, 2008, after exhausting all administrative and state remedies,

16   Petitioner filed the instant federal petition, raising the same due process claim. (*Report*

17   at 2.)  On October 5, 2009, Magistrate Judge Adler recommended the Court deny

18   Petitioner's habeas request. (*Report* at 1,5.)  On February 22, 2010, following a time

19   extension from the Court, Petitioner submitted his Objection. (Doc. 16.)

20

21   II.     LEGAL STANDARD

22        The duties of a district court in connection with a magistrate judge's report and

23   recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and

24   28 U.S.C. § 636(b)(1).  The district court "must make a *de novo* determination of those

25   portions of the report ... to which objection is made," and "may accept, reject, or modify,

26   in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.

27   § 636(b)(1)(C); see also United States v. Raddatz, 447 U.S. 667, 676 (1980); United

28   States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989).

1 **III.**    **D**ISCUSSION

2       Petitioner seeks relief on grounds that his federal right to due process was violated

3 because: (1)he was denied the right to call certain witnesses; (2) he was denied the right

4 to question Officer Jimenez; (3) the decision was based on an incomplete record; (4) the

5 decision was not made by a fair and impartial decision maker; and (5) the decision was

6 not supported by a preponderance of evidence. (*Pet.* [Doc. 1] at 5–7.)

7       This Court is required to accord prison administrators "wide-ranging deference in

8 the adoption and execution of policies and practices that in their judgment are needed

9 to preserve internal order and discipline and to maintain institutional security." Bell v.

10 Wolfish, 441 U.S. 520, 547 (1979).   It does, however, review prison disciplinary

11 proceedings to determine if they comported with due process and if some evidence

12 supported the decision of the prison disciplinary committee. See Superintendent v. Hill,

13 472 U.S. 445, 454 (1985); Wolff v. McDonnell, 418 U.S. 539, 563–70 (U.S. 1974).   In

14 order for Petitioner to be entitled to habeas relief on his due process claim, he must show

15 that the SHO's finding of "some evidence" was either objectively unreasonable or based

16 on an unreasonable determination of the facts in light of the evidence presented.   28

17 U.S.C. § 2254(d); Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

18       Having read and considered the underlying Petition, the Report, and Petitioner's

19 objections thereto, the Court **OVERRULES** Petitioner's objections,   **ADOPTS** the

20 Report, and for the reasons below, **DENIES** Petitioner's writ of habeas corpus.

21

22       **A.     Grounds One and Two - Lack of Witness Testimony**

23       In Ground One, Petitioner claims he was denied the right to call and question

24 certain witnesses at his disciplinary hearing. (*Pet.* at 5.)   In Ground Two, Petitioner

25 claims he was denied the right to question Officer Jimenez, who was present at the

26 hearing. (Id.)   Petitioner alleges that the denial of opportunities to call and question

27 witnesses violates his federal right to due process. (Id.)    The Report rejects this

28 argument.(*Report* at 4.)   Petitioner objects to the Report's finding. (*Obj.* [Doc. 16] at 4.)

1          The record shows that the witnesses Petitioner requested were called. (*Lodgement*
2   *2.*)   The record also indicates that Petitioner had no questions for Officer Jimenez.
3   (*Lodgment 3, Director's Level Appeal Response*).   Thus Petitioner's due process right to call
4   witnesses under <u>Wolff</u> was met.

5          Accordingly, the Court **ADOPTS** the analysis of the Report in regards to this
6   issue and **DENIES** Petitioner's first and second grounds for relief.

7

8          **B.    Grounds Three and Five - Sufficiency of the Record**

9          In Ground Three, Petitioner claims that the SHO's determination was based on
10  an incomplete record because Correctional Officer J. Campbell's statement was not
11  included. (*Pet.* at 6.)   In Ground Five, Petitioner claims that he was denied his right to
12  be found guilty by a preponderance of the evidence. (*Pet.* at 6.5) The Report rejects these
13  arguments. (*Report* at 3–5.)   Petitioner objects to the Report's finding as to Ground
14  Three, but does not respond to the findings on Ground Five. (*Obj.* at 2.)

15         Under <u>Hill</u>, the SHO is not required to make a determination using all the
16  evidence, or even a preponderance of evidence.  472 U.S. at 454.  As the Report shows,
17  the SHO used some evidence, including Officer Jimenez' written report, to support his
18  determination. (*Report* at 4–5.)   Thus, on the record before the Court, there is no
19  indication that Petitioner's due process rights were violated.

20         Accordingly, the Court **ADOPTS** the analysis of the Report in regards to this
21  issue and **DENIES** Petitioner's third and fifth grounds for relief.

22

23         **C.    Ground Four - Bias of the Hearing Official**

24         In Ground Four, Petitioner claims that the SHO was not a fair and impartial
25  decision maker because he reported to Dining Hall 3A on the day of the incident and
26  presided over the hearings of other inmates charged with violations stemming from the
27  same incident. (*Pet.* at 6.)  The Report rejects this argument. (*Report* at 4.)  Petitioner
28  objects to the Report's finding. (*Obj.* at  4–5.)

1    Due Process requires that anyone serving as the SHO at a disciplinary hearing does
2  not have personal knowledge of the material facts and has not  participated in the case
3  as a witness or either an investigative or reviewing officer. <u>Clutchette v. Procunier</u>, 497
4  F.2d 809, 820 (9th Cir. 1974) (rev'd on other grounds) (citing <u>Goldberg v. Kelly</u>, 397
5  U.S. 254, 271 (1970) (rev'd on other grounds.))

6    Petitioner alleges that the SHO (Kavanaugh) was in Dining Hall 3A on November
7  6, 2006, but does not allege that he was in the kitchen when the rules violation took
8  place. (*Obj.* at 5; *Pet.* at 6.)  And presiding over the other inmates' hearings does not
9  automatically render Kavanaugh unfit to preside over Petitioner's hearing.  Furthermore,
10 nothing in the record indicates that Kavanaugh based his decision on anything other
11 than Officer Jimenez' written report, Officer Jimenez' testimony, and the unconvincing
12 testimony of the five inmates. (*Report* at 4–5.)

13    Because Kavanaugh did not participate in Petitioner's case as a witness,
14 investigating officer, or reviewing officer, and did not base his decision on independent
15 knowledge of material facts, there is no indication that he did not fulfill his obligation to
16 serve as an impartial arbiter.

17    Accordingly, the Court **ADOPTS** the analysis of the Report in regards to this
18 issue and **DENIES** Petitioner's fourth ground for relief.

19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

1   **IV.**    C<small>ONCLUSION AND</small> O<small>RDER</small>

2       In light of the foregoing, the Court agrees with Magistrate Judge Adler's well

3 reasoned analysis and **ADOPTS** the Report in its entirety. (Doc. 10.)  The procedures

4 required by <u>Wolff</u> were provided to Petitioner.  As such, the Court **DENIES** Petitioner's

5 habeas petition and orders this case dismissed. (Doc. 1.)  The Clerk of Court shall close

6 the district court case file.

7

8      **IT IS SO ORDERED.**

9

10 DATED:  April 21, 2010

11                                          _____

12                                    Hon. Thomas J. Whelan
                                   United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08-CV-1506 W (JMA)