UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AASIM NIA,<br><br>                Petitioner,<br>vs.<br><br>M. SMELOSKY, Warden,<br><br>                Respondent. | CASE NO. 08-CV-1506 W (JMA)<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY (DOC. NO. 23.)** |

On April 21, 2010, this Court denied Petitioner Aasim Nia's ("Petitioner") writ for habeas corpus. (Doc. No. 17.) Petitioner is now requesting a Certificate of Appealability. (Doc. No. 23.) The Court decides the matter without oral argument. See S.D. Cal. Civ. R. 7.1.(d.1). And for the reasons discussed below, the Court **DENIES** Petitioner a COA.

I. **BACKGROUND**

Petitioner is a prisoner in the custody of the California Department of Corrections and Rehabilitation at the Kern Valley State Prison. Petitioner was formerly housed at Centinela State Prison. As a prisoner at Centinela, Petitioner was found guilty of a Rules Violation and was assessed a thirty day credit forfeiture, along with a ninety day privileges suspension.

1       Petitioner challenged the Centinela disciplinary action through the prison grievance system and his appeal was denied at the highest level of review on February 28, 2001. (*Lodgment* 3.) He then filed petitions for writs of habeas corpus in the California courts, which were denied at every level. (*Lodgment* 5, 7, & 9.)

      On July 31, 2008, after exhausting all administrative and state remedies, Petitioner filed the instant federal petition, raising the same due process claim. (*Report* at 2.) On April 21, 2010, this Court denied Petitioner's habeas petition and ordered the case dismissed. (Doc. No. 17.) Petitioner now seeks a Certificate of Appealability ("COA") in regards to that decision.

## II.   LEGAL STANDARD

      Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a state prisoner may not appeal the denial of a...habeas petition unless he obtains a COA from a district or circuit judge. 28 U.S.C. § 2253 (c)(1)(A); see also United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue COAs under the AEDPA).

      In deciding whether to grant a COA, a court must either indicate the specific issues supporting a certificate or state reasons why a certificate is not warranted. Asrar, 116 F.3d at 1270. A court may issue a COA only if the applicant has made a "substantial showing" of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court has elaborated on the meaning of this requirement:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy section 2253(c) is straightforward: *The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.*

Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added).

## III.   DISCUSSION

1       Petitioner sought relief on the grounds that his federal rights to due process were
2 violated at the prison disciplinary hearing. This Court reviewed all five of Petitioner's
3 specific claims and found that the prison disciplinary proceedings comported with due
4 process and that some evidence supported the decision of the prison disciplinary
5 committee. See Superintendent v. Hill, 472 U.S. 445, 454 (1985); Wolff v. McDonnell,
6 418 U.S. 539, 563–70 (U.S. 1974).

7       Generally, Petitioner now asserts that this Court was wrong in its conclusion
8 because all of the documentation regarding his hearing was either forged or fabricated.
9 (See e.g. Doc. No. 23 at 6:3–6.) The Court is not persuaded by this blanket accusation.
10 Moreover, this Court is required to accord prison administrators "wide-ranging
11 deference in the adoption and execution of policies and practices that in their judgment
12 are needed to preserve internal order and discipline and to maintain institutional
13 security." Bell v. Wolfish, 441 U.S. 520, 547 (1979).

14       Most importantly, the Court does not believe that reasonable jurists would find
15 the assessment of Petitioner's original claims to be debatable or wrong, and thus,
16 **DECLINES** to issue a Certificate of Appealability. See Slack, 529 U.S. at 484.

18 **IV. CONCLUSION AND ORDER**

19       For the foregoing reasons, the Court **DENIES** Petitioner's request for a Certificate
20 of Appealability.

22       **IT IS SO ORDERED.**

DATED: July 7, 2010

                                  Hon. Thomas J. Whelan
                                  United States District Judge